UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**************************************

LORI MAZZELLA                          :

                                       :

    Plaintiff

                                       :      : Civil Action No.

    v.                              :

MEDTRONIC, INC.                   :         JUNE 28, 2026

**************************************

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.S Section 1001, *et seq*.

2.  This Court has supplemental jurisdiction over state common law or statutory claims nor preempted by federal law pursuant to 28 U.S.C. Section 1367.

3.  Venue is proper in this district because the defendant is doing business in this district, the employee benefit plan at issue was administered in this district and the breaches of duty and claims of omissions given rise to the claims occurred in this district.

## PARTIES

4.  The Plaintiff, Lori Mazella, a resident of Clinton, Connecticut, was duly appointed as Executrix of the Estate of Michael Mazzella, deceased. The Plaintiff brings this action on behalf of the Estate and individually as the designated beneficiary under the group life insurance policy at issue.

5.  The Defendant, Medtronic, is a Minnesota corporation doing business in this state, with a principal place of business located at 60 Middletown Avenue, North Haven, Connecticut.  The Defendant was the employer of the deceased employee, Michael Mazzella, and was the plan administrator and/or sponsor of the group life insurance plan.

## FACTUAL ALLEGATIONS

6. Non-party Michael Mazzella was employed by Medtronic for approximately 29 years as a technician at its North Haven, Connecticut facility.

7. During his employment with  the Defendant, Michael Mazzella participated in a group life insurance policy (the "Policy") issued to the Defendant by The Hartford, having a total death benefit of $336,000.00 ($56,000.00 plus $280,000.00). The defendant provided information related to the plan, enrolled Mazzella in the plan and paid employee premiums.

8. The Policy constituted an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C.S. Section 1002, which was sponsored, maintained and administered by the Defendant.

9. Under the terms of the Policy, Plan and Summary Description ("SPD") individual group life insurance coverage terminated when an employee was no longer actively at work.

10. Michael Mazzella worked at Medtronic from January of 1991 until July of 2017, when he went on short-term disability, followed by long-term disability through a disability insurance policy provided by Medtronic.

11. Medtronic's Policy, Plan and SPD expressly entitled an eligible employee to convert their group life insurance coverage to an individual life insurance policy without having to present evidence of insurability, upon the termination of active employment.

12. The Policy, Plan and SPD further provided that group life insurance coverage would continue for Employees on long term disability for a period of thirty months under the defendant's long term disability plan.

13. Under the terms of the Plan, an employee was required to apply for the converted individual policy within thirty-one days after group coverage ceased.

14. On or about May 31, 2020, the Plaintiff and the Employee were notified of the termination of the Employee's benefits, including the Employee's life insurance coverage with The Hartford.

15. At the time the defendant notified the Employee of the cancellation of his benefits, including his life insurance coverage, the defendant knew that the Employee was terminally ill with esophageal cancer and was aware of the Employee's specific circumstances.

16. At the time the defendant notified the plaintiff of the cancellation of the Employee's group life insurance coverage under the policy, the plaintiff was informed by the defendant that the Employee's coverage would remain in full force and effect if she continued to pay the policy premiums.

17. Relying upon this representation, the plaintiff paid the life insurance premium, believing that the policy would remain in effect.

18. The Defendant failed to advise the plaintiff or the Employee that his group life insurance had been discontinued prior to May 31, 2020, failed to provide notice of his right to convert the coverage to an individual policy, and failed to disclose the administrative steps and timeframes necessary to keep the coverage in full force and effect. At all relevant times, the Employer and/or Employee continued to pay the premiums due under the policy when it was no longer in effect. At all relevant times, the defendant led the plaintiff to believe that the life insurance coverage remained in full force and effect, and would remain in effect if the premiums were paid by the plaintiff.

19. On June 28, 2020, the Employee died of esophageal cancer.

20. Following the Employee's death, the Plaintiff as beneficiary, sought the life insurance benefits under the policy with The Hartford.

21. The insurer denied the plaintiff's claim, asserting that Michael Mazzella's coverage terminated on January 5, 2020 with no conversion privilege exercised.

22. Because the Defendant failed to provide the required notice of his continuation rights and/or conversion rights, the plaintiff and Michael Mazzella were mislead about his coverage status, paid premiums for coverage that had terminated, missed conversion deadlines and were denied the life insurance benefits due under the defendant's plan.

**COUNT ONE: BREACH OF FIDUCIARY DUTY UNDER ERISA (29 U.S.C. Sections 1104, 1132(a)(3))**

1-22.  The Plaintiff realleges and incorporates Paragraphs 1-22 as is fully set forth herein.

23. The Defendant, as the employer maintaining the plan and/or the designated plan administrator, acted as an ERISA fiduciary with respect to the administration of the Policy.

24. Pursuant to ERISA, a fiduciary must discharge its duties solely in the interest of the participants and beneficiaries with the care, skill, prudence, and diligence of a prudent person.

25. Pursuant to ERISA, an affirmative fiduciary duty to provide conversion notices arises where the terms of the underlying plan or SPD require the employer to provide notice of the conversion privilege upon termination of coverage or where the employer knew or should have known that its silence regarding conversion rights would be harmful to the employee, or the employer fails to provide complete and accurate information regarding the employee's inquiries or known predicaments.

26. The Defendant breached its fiduciary duties by failing to provide such notice to the Employee.

27. The Defendant provided Michael Mazzella and the plaintiff with misleading information about how to maintain his coverage and eligibility for the conversion of his coverage, despite having knowledge of his disability and terminal illness.

28. The Defendant knew that its failure to disclose would be harmful to the Employee due to his terminal health condition and employment circumstances, yet the Defendant failed to communicate the material facts regarding the cessation of the group coverage and conversion option.

29. As a direct and proximate result of the Defendant's breach of fiduciary duty, the Employee was unable to timely continue or convert his coverage, resulting in the loss of life insurance benefits upon his death.

30. The Plaintiff is entitled to appropriate equitable relief, including make-whole monetary relief in the amount of the lost life insurance benefits, to redress these violations.

**WHEREFORE**, the plaintiff respectfully requests that the Court enter judgment in her favor and against the defendant and award the benefit of the above-described life insurance policy to her; and to enter such other and further relief as the Court deems necessary and appropriate to make the plaintiff whole, including costs, expenses and attorneys fees.

THE PLAINTIFF

By:\_\_/s/ Susan King Shaw _____
    Susan King Shaw (CT00418)
    51 Elm Street, Suite 409
    New Haven, CT 06510
    Tel 475-441-7715
    sshaw@susanshawlaw.com
    .